IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER JONES, | § | |
| Plaintiff | | |
| v. | § | Civil Action No. 4:18-cv-3484 |
| CVS PHARMACY, INC., | | |
| Defendant | § | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, CVS Pharmacy, Inc. ("CVS" or "Defendant") violated the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"), by terminating its employee Peter Jones ("Jones" or "Plaintiff") because of his age. Jones now sues CVS and in support thereof states the following:

### Jurisdiction and Venue

1. This Court has federal question jurisdiction because Plaintiff's claims arise under federal law.

2. The material facts of this case occurred in the Greater Houston area, and so venue is proper in the Southern District of Texas.

3. All required conditions precedent have been performed prior to the filing of this Complaint. Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which issued a notice of

Plaintiff's right to sue on June 29, 2018. The date of the filing of this Complaint is less than 90 days from the date of his receipt of that notice.

## Parties

4. Jones is a citizen of the United States residing in Montgomery County, Texas, and he is represented by the undersigned.

5. CVS is a Rhode Island corporation which may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## Factual Allegations

6. Jones worked as a loyal employee of CVS for over thirty years, from October 27, 1985 to August 22, 2016.

7. Jones started work as an assistant manager and was promoted to store manager in 1985.

8. Jones regularly worked 50–60 hours per week throughout his employment, scrupulously attending to every aspect of his store in Tomball, week after week, as well as helping other new stores to open, help them manage their inventory, and other such tasks.

9. For the most part Jones worked in his store location, number 07448, located at 815 W. Main St., Tomball, Texas 77375.

10. On June 7, 2016, Jones was carrying three tills to the cash registers,

slipped, and hurt his knee saving the tills. He went to a physician who recommended that Jones undergo physical therapy and lighten his workload for a few weeks.

11. Unfortunately, Jones's workload at CVS required him to continue to work more than 50 hours per week.

12. CVS advised Jones in a conference call on July 5, 2016 that Neeraj "Raj" Thakur ("Thakur") was going to be the new District Manager over the area in which Jones worked.

13. On July 11, 2016, Thakur visited the store where Jones was working and told Jones that because of Jones's age, he had two options--termination or forced retirement.

14. On August 9, 2016, Thakur again visited the store and again told Jones that because of Jones's age, Jones had to choose between termination or forced retirement. As an afterthought, Thakur offered a third "choice": demotion to cashier, making $17 less per hour (it was not even clear if this was being offered as a serious option). Thakur ordered Jones to decide in one day.

15. Both times Thakur explicitly stated that the reason CVS was doing this to Jones was because of Jones's age.

16. Jones objected CVS's illegal and unreasonable actions, and rather than the career harm and shame of the alternative, to retire, under protest.

17. Jones never had any intentions of retiring at the time or even in the near

future.

18. Jones was 59 years old when CVS discharged him.

## Cause of Action—Violation of the ADEA

19. CVS's actions described above constitute clear and obvious discrimination on the basis of age in violation of the ADEA.

20. Jones was and is a member of the protected class. He was 59 years old when CVS terminated him.

21. Jones was clearly well qualified to do his job. CVS employed him for 30 years. CVS had him assist managers in other new stores that were opening so that those managers could learn best practices from a well-qualified manager. Thakur never wrote up or disciplined Jones.

22. CVS took an adverse employment action against Jones. There is no question that CVS discharged him, giving him a matter of days to decide, suddenly, whether to be fired or to "retire" against his will. No reasonable person in that situation would choose to be terminated and have that on their resume for the rest of their career.

23. CVS explicitly stated on two independent occasions that the reason for this adverse employment action was Jones's age. This is direct evidence of discrimination.

24. In addition to the direct evidence, there is indirect evidence that CVS

violated the ADEA in its termination of Jones. Over three decades of service, there were a few years in which Jones's stores did not meet or exceed sales or other performance targets, but the few times that that happened were so far removed from the time of Jones's termination as to be logically irrelevant. Roughly a year after terminating Jones, CVS trotted out these few instances of suboptimal performance as the reason for terminating Jones. These were not the reasons mentioned or articulated at the time of Jones's discharge. What CVS did state was that it was terminating him because of his age. Most of the store managers in the region were younger than Jones, and none of them were treated like he was treated—again, which was solely because of his age.

## Jury Demand

25.   Jones demands a trial by jury.

## Prayer

Jones requests that the Court enter judgment against CVS that its actions violated the ADEA, and grant him:

(1) Reinstatement and all associated equitable relief;

(2) Compensatory damages, including back pay, front pay, and lost benefits;

(3) Pre- and post-judgment interest in the highest lawful amounts allowed;

(4) Reimbursement for costs and attorney fees incurred in bringing this action;

(5) Declaration that CVS's acts violated the ADEA; and

(6) Such other and further relief as the Court determines just and equitable.

Respectfully submitted,

THE BUENKER LAW FIRM

*/s/ Thomas H. Padgett, Jr.*
By: Thomas H. Padgett, Jr.
Texas Bar No. 15405420
Josef F. Buenker
Texas Bar No. 03316860
Vijay A. Pattisapu
Texas Bar No. 24083633
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
tpadgett@buenkerlaw.com
jbuenker@buenkerlaw.com
vijay@buenkerlaw.com

COUNSEL FOR PLAINTIFF, PETER JONES